**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **UNITED STATES of AMERICA** | ) ) ) | |
| v. | ) ) | Criminal No. 07-40025-FDS-002 |
| **ALEXANDER SANCHEZ,** | ) ) ) ) | |
| **Defendant.** | ) ) | |

**ORDER ON DEFENDANT'S**
**MOTION FOR SPECIAL JURY INSTRUCTIONS**

**SAYLOR, J.**

Defendant Alexander Sanchez has moved that the Court submit two special questions to the jury: one asking whether the defendant conspired to possess with intent to distribute and to distribute 500 grams or more of cocaine, and one asking the same question as to 5 kilograms or more of cocaine.

The indictment alleges a conspiracy involving 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). Defendant is subject to a mandatory minimum sentence of five years if the government proves the charge of 500 grams or more. If it proves 5 kilograms or more, defendant is subject to a mandatory minimum sentence of ten years.

The government agrees that it must prove a drug quantity of 500 grams beyond a reasonable doubt. The question is whether the higher drug weight issue—that is, whether the defendant is responsible for 5 kilograms or more of cocaine—is an issue for the jury (as an element of the offense) or for the Court at sentencing (as a sentence factor). The answer to that question has been supplied by the Supreme Court and the First Circuit.

A fact that increases a statutory minimum sentence may be found by the sentencing judge by a preponderance of the evidence. *Harris v. United States*, 536 U.S. 545, 568-69 (2002); *McMillan v. Pennsylvania*, 477 U.S. 79 (1986). Thus, "drug quantity for purposes of § 841 is a sentencing factor that may be determined by a preponderance of the evidence." *United States v. Goodine*, 326 F.3d 26, 32 (1st Cir. 2003); *see United States v. Malouf*, 466 F.3d 21, 26-27 (1st Cir. 2006).

In light of that case law, it appears clear that a special jury question as to drug weight is not appropriate. Accordingly, defendant's motion for special jury questions is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: April 15, 2010